UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, a Trust Fund, JEFFREY WILKINSON, KEVIN FAHEY, Trustees of the Construction Industry Laborers Pension Fund, CONSTRUCTION INDUSTRY LABORERS' WELFARE FUND, a Trust Fund, PERRY L. PRYOR, and STEVEN C. GLENN, Trustees of the Construction Laborers Welfare Fund, | |
| Plaintiffs, | No. 4:10-CV-158 CAS |
| v. | |
| FRED CARRON, INC. f/k/a Loana Contractors, Inc., d/b/a Loana Contractors and CJG, INC., d/b/a Loana Contractors, | |
| Defendants. | |

## DEFAULT JUDGMENT

Plaintiffs filed this action on January 28, 2010 to recover from defendant CJG, Inc. d/b/a LOANA Contractors ("defendant") contributions to the Laborers Pension Fund and Laborers Welfare Fund, liquidated damages on delinquent contributions, and interest, attorneys' fees, court costs, and payroll examination costs.[1] Plaintiffs served defendant with the summons and complaint on April 21, 2010. Defendant has not entered an appearance or filed an answer.

The Clerk of Court entered a default against defendant on June 7, 2010. On June 3, 2010, plaintiffs filed a motion for default judgment, submitting in support of their motion the affidavits

---

[1] Plaintiffs' original complaint named as a defendant Fred Carron, Inc., formerly known as LOANA Contractors, Inc., d/b/a LOANA Contractors. The proper corporate defendant is CJG, Inc. d/b/a LOANA Contractors. Plaintiffs' amended complaint named the proper corporate defendant.

of Bradley Sollars, plaintiffs' attorney, and Paul Barnes, the audit supervisor employed by TIC International Corporation.

As established by the affidavit of Mr. Barnes, defendant failed to pay fringe benefit contributions to the Pension and Welfare Fund on behalf of laborer employees for the time period January 1, 2007 through September 30, 2009. Defendant owes fringe benefit contributions to the Pension Fund in the amount of $12,411.10 and to the Welfare Fund in the amount of $16,976.83. Defendant owes a total of $29,387.93 in unpaid fringe benefit contributions.

Defendant owes liquidated damages to the Pension Fund in the amount of $2,482.22 and to the Welfare Fund in the amount of $3,395.37. Defendant owes a total of $5,877.59 in liquidated damages.

Additionally, defendant owes the Pension Fund interest in the amount of $101.20 and owes the Welfare Fund interest in the amount of $138.74. Defendant owes a total of $239.94 in interest.

Defendant owes the Pension Fund audit fees and expenses in the amount of $1,639.93 and owes the Welfare Fund audit fees and expenses in the amount of $1,639.94. Defendant owes a total of $3,279.87 in audit fees and expenses.

Finally, as established by the affidavit of attorney Bradley J. Sollars and the billing records that were attached, defendant owes the Pension Fund $1,749.75 in attorneys' fees and costs and owes the Welfare Fund $1,749.74 in attorneys' fees and costs. Defendant owes a total of $3,499.49 in attorneys' fees and costs incurred by plaintiffs in this action.

The total of the unpaid contributions, liquidated damages, interest, audit fees, attorney fees, and costs owed by defendant is $42,284.82.[2]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is granted. [Doc. 9]

**IT IS FURTHER ORDERED** that judgment by default is entered in favor of plaintiffs and against defendant CJG, Inc. d/b/a LOANA Contractors in the amount of Forty-Two Thousand Two Hundred Eighty-Four Dollars and Eighty-Two Cents ($42,284.82).

                                                 *(signature)*
                                                 **CHARLES A. SHAW**
                                                 **UNITED STATES DISTRICT JUDGE**

Dated this   12th   day of October, 2010.

---

[2] Plaintiffs submitted a proposed order that included an additional $7,073.13 for liquidated damages and interest for July and December 2007, January through December 2008, and February and March 2009. The Court cannot find any evidentiary support for this additional $7,073.13 in either the affidavit of Mr. Paul Barnes or Mr. Bradley Sollars, and therefore the Court will not include this amount in the default judgment. See Proposed Order, Doc. 10-2, at 5.